1  WILLIAM R. TAMAYO - #084965 (CA)
   JONATHAN T. PECK - #12303 (VA)
2  MARCIA L. MITCHELL - #18122 (WA)
   EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3  San Francisco District Office
   350 The Embarcadero, Suite 500
4  San Francisco, CA 94105
   Telephone No. (415) 625-5651
5  Fax No. (415) 625-5657

   E-Filing

6

   Attorneys for Plaintiff
7

8                  UNITED STATES DISTRICT COURT

9              NORTHERN  DISTRICT OF CALIFORNIA

10

11  EQUAL EMPLOYMENT OPPORTUNITY       )
    COMMISSION,                        )    CIVIL NO.   05   3598   MHP
12                                     )
                                       )
13            Plaintiff,               )    COMPLAINT
                                       )    Civil Rights
14       v.                            )    − Employment Discrimination
                                       )
15  UNION PACIFIC RAILROAD             )    **JURY TRIAL DEMAND**
                                       )
16            Defendant.               )
                                       )
17  _____ )

18

19                      NATURE OF THE ACTION

20         This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil

21  Rights Act of 1991 to correct unlawful employment practices on the basis of sex, age and

22  disability and to provide appropriate relief to Valerie McCarthy who was adversely affected by

23  such practices. As alleged below, defendant, Union Pacific Railroad (hereinafter UPRR or The

24  Employer) disqualified Ms. McCarthy from her position as a Guaranteed Extra Board Clerk in

25  retaliation for filing charges of discrimination on the basis of sex, age and disability.

26                      JURISDICTION AND VENUE

27  1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343, and

28

    COMPLAINT                          1

1345.  This action is authorized and instituted pursuant to sections 706(f)(1) and (3) of Title VII
of the Civil Rights Act of 1964, as amended (Title VII), 42 U.S.C. §§2000e-5(f)(1) and (3), and
Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.    This action also is authorized and instituted pursuant to Section 107(a) of the Americans
with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference
Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.
§§2000e-5(f)(1) and (3).

3.    This action also is authorized and instituted pursuant to Section 7(b) of the Age
Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b) (the "ADEA"),
which incorporates by reference Sections 16(c) and 17 of the Fair Labor Standards Act of 1938
(the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217.

4.    The employment practices alleged to be unlawful were and are now being committed
within the City of Oakland and Alameda County which are within the jurisdiction of the United
States District Court for the Northern District of California.

INTRADISTRICT ASSIGNMENT

5.    This is appropriate for assignment to Oakland because the unlawful employment practices
alleged were and are being committed within Oakland.

PARTIES

6.    Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of
the United States of America charged with the administration, interpretation, and enforcement of
Title VII and is expressly authorized to bring this action by sections 706(f)(1) and (3) of Title
VII, 42 U.S.C. §§2000e-5(f)(1) and (3), Section 107(a) of the ADA, 42 U.S.C. § 12117(a) and
Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

7.    At all relevant times, Defendant, UPRR (or "Defendant Employer"), has continuously
been doing business in the State of California and the City of Oakland and has continuously had
at least fifteen employees.

COMPLAINT                          2

1    8.    At all relevant times, Defendant Employer has continuously been an employer engaged in

2    an industry affecting commerce within the meaning of section 701(b), (g), and (h) of Title VII, 42

3    U.S.C. §2000e-(b), (g), and (h), Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), Section

4    101(7) of the ADA, 42 U.S.C. § 12111(7) and Sections 11(b), (g) and (h) of the ADEA, 29

5    U.S.C. §§ 630(b), (g) and (h).

6                                CONCILIATION

7    9.    Prior to institution of this lawsuit, the Commission's representatives attempted to

8    eliminate the unlawful employment practices alleged below and to effect voluntary compliance

9    with the ADEA through informal methods of conciliation, conference and persuasion within the

10   meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

11                              STATEMENT OF CLAIMS

12   10.    More than thirty days prior to the institution of this lawsuit, Valerie McCarthy filed a

13   charge of discrimination with the EEOC alleging violations of Title VII, the ADEA and the ADA

14   by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been

15   fulfilled.

16   11.    Since at least January 21, 2001 Defendant Employer has engaged in unlawful practices its

17   Oakland Intermodal Terminal in Oakland California in violation of section 704(a) of Title VII 42

18   U.S. C. §2000e-3(a), Section 503 of the ADA, 42 U.S.C. §12203(a) and Section4(d) of the

19   ADEA, 29 U.S.C. §623(d).  These practices include subjecting retaliating against Ms. McCarthy

20   after she filed charges of discrimination with the EEOC by disqualifying her from her position as

21   a Guaranteed Extra Board Clerk.

22   12.    The effect of the practices complained of above has been to deprive Ms. McCarthy of

23   equal employment opportunities and otherwise to adversely affect her status as an employee

24   because of her opposition to Defendant's discriminatory practices.

25   13.    The unlawful employment practices complained of above were and are intentional.

26   14..    The unlawful employment practices complained of above were and are done with malice

27

28

COMPLAINT                          3

1    and/or reckless indifference to the federally protected rights of Ms. McCarthy.

2    15.    The unlawful employment practices complained of above were and are willful within the

3    meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

### PRAYER FOR RELIEF

5    WHEREFORE, the Commission respectfully requests that this Court:

6    A.    Grant a permanent injunction enjoining Defendant Employer, its officers,

7    successors, assigns, and all persons in active concert or participation with it, from engaging in

8    retaliation and any other employment practice which results in adverse actions because of an

9    employee's opposition to discriminatory practices.

10    B.    Order Defendant Employer to institute and carry out policies, practices, and

11    programs which provide equal employment opportunities for employees who oppose

12    discrimination and which eradicate the effects of its past and present unlawful employment

13    practices.

14    C.    Order  Defendant Employer to make whole Ms. McCarthy by providing

15    appropriate back pay, in amounts to be determined at trial, an equal sum as liquidated damages

16    and prejudgment interest and other affirmative relief, including reinstatement,  necessary to

17    eradicate the effects of its unlawful employment practices.

18    D. Order Defendant Employer to make whole Ms. McCarthy by providing compensation

19    for past and future pecuniary losses resulting from the unlawful employment practices described

20    above, including medical expenses, with interest, in amounts to be determined at trial.

21    E.  Order Defendant Employer to make whole Ms. McCarthy by providing compensation

22    for past and future non-pecuniary losses caused by the above unlawful conduct, including pain

23    and suffering, emotional distress, indignity, loss of enjoyment of life, loss of self-esteem, and

24    humiliation, in amounts to be determined at trial.

25    F.    Order Defendant Employer to pay Ms. McCarthy punitive damages for its

26    malicious and reckless conduct described above, in amounts to be determined at trial.

27

28

COMPLAINT                                    4

1     G.     Grant such further relief as the Court deems proper.

2     H.     Award the Commission its costs in this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**ERIC S. DREIBAND**
GENERAL COUNSEL

**JAMES L. LEE**
DEPUTY GENERAL COUNSEL

**GWENDOLYN YOUNG REAMS**
ASSOCIATE GENERAL COUNSEL

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, DC 20507

**WILLIAM R. TAMAYO**
REGIONAL ATTORNEY

Dated: 9/6/05     BY: _____

**JONATHAN T. PECK**
SUPERVISORY TRIAL ATTORNEY

Dated: 9/6/05     BY: _____

**MARCIA L. MITCHELL**
SENIOR TRIAL ATTORNEY

Dated: 9/6/05     BY: _____
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
San Francisco District Office
350 The Embarcadero, Suite 500
San Francisco, CA 94105
Telephone: (415) 625-5651

COMPLAINT               5