1  Robert L. Zaletel, Esq. (SB# 096262)
   **McQUAID BEDFORD & VAN ZANDT LLP**
2  221 Main Street, 16th Floor
   San Francisco, CA 94105
3  Telephone: 415/905-0200
   Facsimile:  415/905-0202
4  Email: RZaletel@mbvz.com

5  Attorneys for Defendant
   UNION PACIFIC RAILROAD COMPANY

8             UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

11 EQUAL EMPLOYMENT OPPORTUNITY         Civil No.: C 05 3598 CRB
   COMMISSION,
12                                      **STIPULATION AND [PROPOSED]
              Plaintiff,                PROTECTIVE ORDER CONCERNING
13                                      CONFIDENTIAL DOCUMENTS
         v.                             PRODUCED IN DISCOVERY**
14
   UNION PACIFIC RAILROAD,
15
              Defendant.
16
   _____/
17

18     This agreement is entered into by and between the undersigned attorneys on behalf of their
19 respective clients, plaintiff EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
20 ("Plaintiff") and defendants UNION PACIFIC RAILROAD COMPANY ("Defendants").
21     1.    Plaintiff and Defendants (hereinafter "Parties") have requested the production of
22 certain documents for inspection and copying in conjunction with discovery in this litigation, and,
23     2.    These documents include sensitive, confidential and/or proprietary records
24 including employee personnel records, employee earnings records, medical records, financial
25 records, and proprietary business information with commercial value of a private nature
26 (hereinafter "Confidential Material").
27     3.    Copies of Confidential Material will be designated "Confidential."
28



1

STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL DOCUMENTS
PRODUCED IN DISCOVERY

4.    Confidential documents, all copies thereof, and any summaries, charts or notes made therefrom, and any facts or information contained therein or derived therefrom, shall be disclosed only to the Court and/or to: (a) the parties; (b) counsel for the parties hereto and their agents, employees, paralegals, or other secretarial and clerical employees or agents; (c) experts or consultants retained by one or more of the parties to this action or their counsel, to assist in preparation of this action for trial; (d) deponents and their counsel; (e) stenographic reporters and videographers who are involved in depositions, the trial or any hearings or proceedings before the Court in this action; and (f) witnesses at the trial of this action.

5.    Nothing in this Stipulated Protective Order would prevent the EEOC from disclosing information to the extent that such disclosure is mandated by the EEOC Office of Legal Counsel or a court pursuant to a Freedom of Information Act request.  However, the EEOC shall notify Defendant prior to any such disclosure.  Such notice shall be given to allow sufficient time for Defendant to object to disclosure of any requested information.

6.    No person authorized hereunder to view copies of Confidential Material, or to make notes therefrom, may disclose any portion of the subject matter or contents of either to any person not authorized hereunder.

7.    The Confidential Material, copies of any portion of the Confidential Material itself, and all notes arising from examination of said Confidential Material, as well as discussions of the contents thereof, shall be used only in connection with the instant case,  Within 180 days following the conclusion of this action, including appeals, if any, Defendants and its counsel, shall destroy all Confidential Materials produced by the EEOC and provide notice to the EEOC's attorneys of record.  The EEOC will segregate all documents received from Defendant designated as Confidential Material from other documents produced during the course of litigation and shall clearly mark the documents "Confidential/Do Not Disclose."  The EEOC also will mark the documents with the words "Consult Office of Legal Counsel."

8.    This Protective Order is without prejudice to reconsideration by the Court as discovery continues.



STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL DOCUMENTS PRODUCED IN DISCOVERY

9. The Parties may request that Confidential Material be filed under seal. However any such request shall be subject to approval by the court, for good cause, upon noticed motion.

10. Any Party may move the Court for relief from, or modification of, this order at any time, and each Party hereto reserves the right to contend in any such motion that documents produced by another Party and information contained therein are not confidential. This stipulation does not constitute an admission as to the admissibility of any Confidential Material at trial.

11. The Parties agree to act in good faith in designating Confidential Material and agree not to use this Stipulation for any purpose other than as stated herein.

**IT IS SO STIPULATED**

Dated: March 30, 2006                    McQUAID BEDFORD & VAN ZANDT, LLP


By:     /s/ ROBERT L. ZALETEL
        Robert L. Zaletel
        Attorneys for Defendants
        UNION PACIFIC RAILROAD COMPANY

**IT IS SO STIPULATED**

Dated: March 30, 2006                    EQUAL EMPLOYMENT OPPORTUNITY
                                         COMMISSION


By:     /s/ MARCIA L. MITCHELL
        Marcia L. Mitchell
        Attorneys for Plaintiffs
        EQUAL EMPLOYMENT OPPORTUNITY
        COMMISSION

/ / /

/ / /

/ / /



STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL DOCUMENTS PRODUCED IN DISCOVERY

**PROTECTIVE ORDER**

For Good Cause appearing, the court enters the above stipulated protective order as an order of the court.

DATED: April 3, 2006

_____
UNITED STATES DISTRICT COURT JUDGE



STIPULATION AND [PROPOSED] PROTECTIVE ORDER CONCERNING CONFIDENTIAL DOCUMENTS PRODUCED IN DISCOVERY