1   WILLIAM R. TAMAYO - #0844965 (CA)
    JONATHAN T. PECK - #12303 (VA)
2   MARCIA L. MITCHELL - #18122 (WA)
    EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
3   350 The Embarcadero, Suite 500
    San Francisco, CA 94105-1260
4   Telephone Number: (415) 625-5651
    Facsimile Number: (415) 625-5657
5   Attorneys for Plaintiff, EEOC

6   BRADLEY G. BOOTH (#088530)
    510 8th Street
7   Sacramento, California 95814
    Telephone: (916) 451-1597
8   Fax: (916) 451-3597
    Attorney for Plaintiff-Intervener, Valerie McCarthy
9
    ROBERT L. ZALETEL, Esq. (SB# 096262)
10  ARMAN JAVID, Esq. (SB #191572)
    McQUAID BEDFORD & VAN ZANDT LLP
11  221 Main Street, 16th Floor
    San Francisco, CA 94105
12  Telephone: 415/905-0200
    Facsimile: 415/905-0202
13
14  Attorneys for Defendant, Union Pacific Railroad Company

15

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18

19  EQUAL EMPLOYMENT OPPORTUNITY              CIVIL NUMBER  C 05 3598 CRB (JCS)
    COMMISSION,
20
                                             **CONSENT DECREE**
21                      Plaintiff,

22  &

23  VALERIE McCARTHY,

24                  Plaintiff-Intervenor,

25          v.

26  Union Pacific Railroad Company,

27                      Defendant.

28

                                    – 1 –

## I.     INTRODUCTION

1.     On September 5, 2005, Plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed this action pursuant to the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"),  the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §626(b).  Plaintiff alleged that Defendant, Union Pacific Railroad Company ("Union Pacific") retaliated against Plaintiff-Intervenor, Valerie McCarthy ("McCarthy"), by disqualifying her from the position of Guaranteed Extra Board Clerk in retaliation for filing charges of discrimination with the EEOC.

2.     On October 27, 2005, Defendant, Union Pacific Railroad, answered the complaint and denied liability on all claims asserted by the EEOC.

3.     Valerie McCarthy intervened in the EEOC's lawsuit by filing a Complaint in Intervention on January 27, 2006 alleging violations of Title VII, the ADEA, the ADA and the California Fair Employment and Housing Act ("FEHA").  Defendant answered the Complaint in Intervention on March 14, 2006 and denied liability on all claims asserted by Ms. McCarthy.

4.     The EEOC, Ms. McCarthy and Union Pacific want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation.  They enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII, the ADA, and the ADEA.

## II.     NON-ADMISSION OF LIABILITY

1.     This consent decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII, the ADA the ADEA or FEHA by Union Pacific.

2.     The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## III.     GENERAL PROVISIONS

1.     This Court has jurisdiction over the subject matter and the parties to this action.  This Court will retain jurisdiction over this Decree for all purposes until the expiration of the term of this Consent Decree.

– 2 –

1   2.      The entry of this Consent Decree will further the objectives of Title VII and will be in the best

2   interest of the parties, those for whom the EEOC seeks relief and the public.

3   3.      This Consent Decree is final and binding upon the parties, their successors and assigns.

4   4.      The parties agree that this Consent Decree resolves all claims arising out of EEOC Charge No.

5   376-A3-00146, the Complaint and the Complaint in Intervention filed in this action, and constitutes a

6   complete resolution of all claims against Union Pacific that were made or could have been made by

7   the Commission or McCarthy.

8   5.      McCarthy and Union Pacific will enter into a separate Settlement Agreement.

9   6.      This Consent Decree and Settlement Agreement between Union Pacific and McCarthy

10  comprise the full and exclusive agreement of the parties with respect to the matters discussed herein.

11  No waiver, modification or amendment of any provision of this Consent Decree shall be effective

12  unless made in writing and approved by all the parties to this Decree.  Any substantive change,

13  modification or amendment of any provision of this Consent Decree shall require approval by the

14  Court.

15  7.      This Consent Decree shall become effective upon its entry by the Court.

16  8.      Each party shall bear its own costs and attorneys fees.

17
18                          **III.     SCOPE OF CONSENT DECREE**

19          The duration of the Consent Decree shall be eighteen (18) months from the date of its entry,

20  provided that Union Pacific has complied substantially with the terms of this Consent Decree.  Union

21  Pacific will be deemed to have complied substantially if the Court has not made any findings or

22  orders during the term of the Consent Decree that Union Pacific has failed to comply with any term of

23  this decree.  During the eighteen-month term of this Consent Decree, this Court shall retain

24  jurisdiction over this matter and the parties for the purpose of enforcing compliance with the Consent

25  Decree, including issuing such orders as my be required to effectuate its purposes.

26                          **IV.     GENERAL INJUNCTIVE RELIEF**

27  1.      **Retaliation:**    Consistent with 42 U.S.C. §2000e-3, 42 U.S.C. §12203 and 29 U.S.C. §623(d),

28  Union Pacific, its officers, agents, management (including supervisory employees), successors or

                                            – 3 –

1   assigns, and all those in active concert or participation with them, agree not to engage in, implement

2   or permit any action, policy or practice with the purpose of retaliating against any current or former

3   employee of Union Pacific because he or she opposed any practice of sex, disability or age

4   discrimination made unlawful under Title VII, the ADA and the ADEA, respectively; filed a Charge

5   of Discrimination alleging any such practice; testified or participated in any manner in any

6   investigation (including, without limitation, any internal investigation undertaken by Union Pacific),

7   proceeding or hearing in connection with this case and/or relating to any claim of sex, disability or

8   age discrimination; or was identified as a possible witness in this action.

9                       **V.   MONETARY RELIEF**

10   1.     Union Pacific will pay Valerie McCarthy the gross sum total of $65,000.00 (Sixty-Five

11   Thousand Dollars and No Cents) in full settlement of the discrimination claims made in this lawsuit

12   and her underlying charge of discrimination.  Union Pacific also will pay McCarthy's attorney,

13   Bradley Booth, the gross sum of $2,500.00 (Two Thousand Five Hundred Dollars and No Cents) in

14   attorney fees.

15   2.     The settlement amount above, is being paid in complete compromise of all disputed issues

16   arising out of the Complaint and Complaint in Intervention filed in this lawsuit, Civil Action No. C-

17   05-3598 CRB (JCS), U.S. District Court for the Northern District of California.

18   3.     The monetary relief shall be paid as follows:

19           a.     The parties agree that the $65,000.00 settlement amount to be paid to

20   McCarthy is defined as the Settlement Sum.  The parties agree that $1,500.00 (One Thousand

21   Five Hundred Dollars and No Cents) of the Settlement Sum shall represent payment for lost

22   wages and that applicable payroll deductions shall be withheld from this amount.  The parties

23   also agree that $63,500.00 (Sixty Three Thousand Five Hundred Dollars and No Cents) of the

24   Settlement Sum shall be payment for damages for emotional distress.

25           b.     Within fourteen (14) days of the entry of this Consent Decree, Union Pacific

26   shall issue a check to McCarthy in the amount of $63,500.00 (Sixty-Three Thousand Five

27   Hundred Dollars and No Cents).  At the same time, Union Pacific shall also issue a check to

28   McCarthy in the amount of $1,500.00 (One Thousand Five Hundred Dollars and No Cents)

1    less applicable payroll deductions. Union Pacific shall make the payments in the form of

2    business checks. Union Pacific shall send a copy of the checks to counsel for the EEOC on

3    the same date that it mails the checks.

4            c.      Within fourteen (14) days of entry of this Consent Decree, Union Pacific shall

5    issue a check to Bradley Booth in the amount of $2,500.00 (Two Thousand Five Hundred

6    Dollars and No Cents) as payment for attorney fees. Union Pacific shall send a copy of the

7    check to counsel for the EEOC on the same date that it mails the check.

8            d.      Union Pacific shall report the payment to Valerie McCarthy in the amount of

9    $63,500.00 (Sixty-Three Thousand Five Hundred Dollars and No Cents) by issuance of an

10   Internal Revenue Service Form 1099. McCarthy's 1099 form shall be mailed to her. Union

11   Pacific shall report the payment to Valerie McCarthy in the amount of $1,500.00 (One

12   Thousand Five Hundred Dollars and No Cents) as wages with an Internal Revenue Service

13   W-2 or 1099 form, whichever is appropriate. Ms. McCarthy and/or her attorney are each fully

14   responsible for the tax consequences of the payments they receive.

15                          **VI.    SPECIFIC INJUNCTIVE RELIEF**

16   1.     **Zero Tolerance.** Union Pacific affirms the following "Statement of Zero-Tolerance Policy

17   and Equality Objectives":

18

19                  Union Pacific is firmly committed to maintaining a zero-tolerance

20                  policy concerning discrimination and retaliation against individuals

21                  who report discrimination in the company's workplace; to swiftly and

22                  firmly responding to any acts of discrimination and retaliation of which

23                  the company becomes aware; to implementing a disciplinary system

24                  that is designed to strongly deter future acts of discrimination or

25                  retaliation; and to actively monitoring its workplace in order to ensure

26                  tolerance, respect and dignity for all people.

27          This paragraph does not create any individual or common law causes of action or other rights

28   that would not otherwise exist under statute.

                                    – 5 –

2. **Equal Employment Opportunity and Discrimination Policies**

a. **Content of Policy.** Union Pacific certifies that it maintains and will continue to maintain throughout the duration of the decree an EEO Compliance Handbook which contains Union Pacific's "Equal Employment Opportunity/Affirmative Action and Related Policy Directives." More specifically, the EEO Compliance Handbook shall contain policies on: discrimination and harassment; offensive behavior, remarks and graffiti; retaliation; sexual harassment; a definition of "zero tolerance"; an explanation that all proven violations of Union Pacific's policies against discrimination, harassment and offensive behavior will result in appropriate discipline of the employee, up to and including termination; information, including on how to report violations, including the listing of a 24-hour toll free number for such reports; and language which indicates that, promptly upon the conclusion of the investigation of a complaint, Union Pacific will communicate to the complaining party the results of the investigation.

b. **Distribution of Policy.** Union Pacific shall disseminate its EEO and harassment policies and procedures by:

(1) Distributing copies of the policies to all current employees within the Oakland Intermodal Terminal within thirty (30) days of the entry of this Consent Decree;

(2) Giving a copy of the policies to all new employees in the Oakland Intermodal Terminal upon the employee's hire;

(3) Distributing the policy to each employee in the Oakland Intermodal Terminal annually throughout the duration of the Consent Decree.

c. **Complaint Procedure.** Union Pacific certifies that Union Pacific's policies and procedures relating to complaints of discrimination and retaliation (the "Complaint Policies") are designed to encourage employees to come forward with complaints about violations of its anti-discrimination policies. Union Pacific further certifies that its Complaint Policies provide, and will continue to provide throughout the duration of the decree, Union Pacific's employees with convenient, confidential and reliable mechanisms for reporting incidents of discrimination and

– 6 –

1    retaliation.  Union Pacific shall ensure that information about how to lodge a complaint is also

2    continuously posted in a prominent place at its Oakland Intermodal Terminal during the term of the

3    Consent Decree.

4    3.       **Anti-Discrimination Training**.  Within six (6) months of entry of this decree, Union Pacific

5    will develop and present to all employees at the Oakland Intermodal Terminal at least one hour of

6    training on discrimination and retaliation issues in employment.  The cost of the training will be

7    borne by Union Pacific.

8            (a)      The training described in the preceding paragraph shall be provided by individuals

9    with established experience in the area of employment discrimination, harassment, and retaliation

10   under Federal and State law.  The training will include examples of retaliation which violates state

11   and federal anti-discrimination statutes.  The training will further inform each participant that he or

12   she is responsible for knowing and complying with the contents of Union Pacific's Equal

13   Employment Opportunity/Affirmative Action & Related Policy Directives. The training will be

14   separate and apart from any mandatory sexual harassment training provided by Union Pacific

15   pursuant to California Assembly Bill 1825.

16           (b)      Union Pacific will retain records of the training session, listing the date on which it

17   held the training and identifying the persons who attended and those who did not attend.  Union

18   Pacific will provide a copy of these records and the training materials to the EEOC within thirty (30)

19   days of completion of the training.

20

21                                    **VII.  REPORTS TO THE COMMISSION**

22   1.       **Training Report**.  Within thirty (30) days of completion of the training required by section VI

23   (3) of this Consent Decree, Union Pacific will send the EEOC appropriate verification of its

24   completion of the EEO training.

25   2.       **Retaliation Complaint Reports.**  Union Pacific shall file the following reports relating to

26   complaints of retaliation made by employees Union Pacific's Oakland Intermodal Terminal.

27

28

                                              – 7 –

1        a.    **Initial Complaint Report.**  Eight months after the entry of this Consent Decree,

2    Union Pacific will mail to counsel for the EEOC a report containing the following information and

3    documentation (the "Initial Complaint Report"):

4        (1)    A summary of all retaliation complaints made in Union Pacific's Oakland

5        Intermodal Terminal since the entry of the Consent Decree.  This summary shall contain a

6        brief description of the type of complaint and a statement as to each as to the result of the

7        investigation of such complaint.

8        b.    **Subsequent Complaint Reports.**  Eight months following filing its Initial Complaint

9    Report with the EEOC, Union Pacific will mail to counsel for the EEOC a report containing the

10   above documentation and information in paragraph (a)(1) above covering the second eight-month

11   period.

## VIII.   RETENTION OF JURISDICTION AND
## EXPIRATION OF CONSENT DECREE

14   1.    This Consent Decree shall terminate within eighteen (18) months from the date of entry by the

15   court, unless the EEOC petitions this court for an extension of the Decree because of noncompliance

16   by Union Pacific.  If the EEOC determines that Union Pacific has not complied with the Consent

17   Decree, the EEOC will provide written notification of the alleged breach to Union Pacific and will

18   not petition the court for enforcement sooner than thirty (30) days after providing written notification.

19   The thirty-day period following written notice shall be used by the parties for good faith efforts to

20   resolve the issue.  If the EEOC petitions the court and the court finds Union Pacific to be in

21   substantial violation of the terms of the Decree, the court may extend this Consent Decree.

– 8 –

1    2.      This Court shall retain jurisdiction over this action for the purposes of enforcing the

2    provisions of this Consent Decree.

3    On behalf of Plaintiff:                          On behalf of Union Pacific Railroad Company

4

5    _____          _____
     WILLIAM R. TAMAYO                                ROBERT L. ZALETEL
6    Regional Attorney                                McQUAID BEDFORD & VAN ZANDT LLP
     EQUAL EMPLOYMENT
7      OPPORTUNITY COMMISSION

8                                                      On behalf of Valerie McCarthy

9    _____          _____
     JONATHAN T. PECK                                 BRADLEY BOOTH
10   Supervisory Trial Attorney                       LAW OFFICES OF BRADLEY BOOTH
     EQUAL EMPLOYMENT
11     OPPORTUNITY COMMISSION

12

13   _____
     MARCIA L. MITCHELL
14   Senior Trial Attorney
     EQUAL EMPLOYMENT
15     OPPORTUNITY COMMISSION

16

17   IT IS SO ORDERED:

18

19   DATED:  _____

20
                                                      _____
21                                                    HONORABLE CHARLES R. BREYER
                                                      UNITED STATES DISTRICT COURT JUDGE
22

23

24

25

26

27

28

– 9 –

Consent Decree
C05-3598 CRB (JCS)

2.    This Court shall retain jurisdiction over this action for the purposes of enforcing the

provisions of this Consent Decree.

On behalf of Plaintiff:                               On behalf of Union Pacific Railroad Company

_____                    _____
WILLIAM R. TAMAYO                                     ROBERT L. ZALETEL
Regional Attorney                                     McQUAID BEDFORD & VAN ZANDT LLP
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

                                                      On behalf of Valerie McCarthy

_____                      /s/ by phone approval 8/11/06
JONATHAN T. PECK                                      BRADLEY BOOTH
Supervisory Trial Attorney                            LAW OFFICES OF BRADLEY BOOTH
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

_____
MARCIA L. MITCHELL
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

IT IS SO ORDERED:

DATED: _____

                                                      _____
                                                      HONORABLE CHARLES R. BREYER
                                                      UNITED STATES DISTRICT COURT JUDGE

– 9 –

Consent Decree
C05-3598 CRB (JCS)

2.     This Court shall retain jurisdiction over this action for the purposes of enforcing the

provisions of this Consent Decree.

On behalf of Plaintiff:                              On behalf of Union Pacific Railroad Company

_____        _____
WILLIAM R. TAMAYO                           ROBERT L. ZALETEL
Regional Attorney                               McQUAID BEDFORD & VAN ZANDT LLP
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

                                                    On behalf of Valerie McCarthy

_____        _____
JONATHAN T. PECK                             BRADLEY BOOTH
Supervisory Trial Attorney                       LAW OFFICES OF BRADLEY BOOTH
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

_____
MARCIA L. MITCHELL
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

IT IS SO ORDERED:

DATED:  _____

                                                    _____
                                                    HONORABLE CHARLES R. BREYER
                                                    UNITED STATES DISTRICT COURT JUDGE

– 9 –

Consent Decree
C05-3598 CRB (JCS)