WILLIAM R. TAMAYO - #0844965 (CA)
JONATHAN T. PECK - #12303 (VA)
MARCIA L. MITCHELL - #18122 (WA)
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
350 The Embarcadero, Suite 500
San Francisco, CA 94105-1260
Telephone Number: (415) 625-5651
Facsimile Number: (415) 625-5657
Attorneys for Plaintiff, EEOC

BRADLEY G. BOOTH (#088530)
510 8th Street
Sacramento, California 95814
Telephone: (916) 451-1597
Fax: (916) 451-3597
Attorney for Plaintiff-Intervener, Valerie McCarthy

ROBERT L. ZALETEL, Esq. (SB# 096262)
ARMAN JAVID, Esq. (SB #191572)
McQUAID BEDFORD & VAN ZANDT LLP
221 Main Street, 16th Floor
San Francisco, CA 94105
Telephone: 415/905-0200
Facsimile: 415/905-0202
Attorneys for Defendant, Union Pacific Railroad Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>&<br><br>VALERIE McCARTHY,<br><br>Plaintiff-Intervenor,<br><br>v.<br><br>Union Pacific Railroad Company,<br><br>Defendant. | CIVIL NUMBER C 05 3598 CRB (JCS)<br><br>**CONSENT DECREE** |

– 1 –

Consent Decree
C05-3598 CRB (JCS)

## I. INTRODUCTION

1. On September 5, 2005, Plaintiff, Equal Employment Opportunity Commission ("EEOC"), filed this action pursuant to the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §626(b). Plaintiff alleged that Defendant, Union Pacific Railroad Company ("Union Pacific") retaliated against Plaintiff-Intervenor, Valerie McCarthy ("McCarthy"), by disqualifying her from the position of Guaranteed Extra Board Clerk in retaliation for filing charges of discrimination with the EEOC.

2. On October 27, 2005, Defendant, Union Pacific Railroad, answered the complaint and denied liability on all claims asserted by the EEOC.

3. Valerie McCarthy intervened in the EEOC's lawsuit by filing a Complaint in Intervention on January 27, 2006 alleging violations of Title VII, the ADEA, the ADA and the California Fair Employment and Housing Act ("FEHA"). Defendant answered the Complaint in Intervention on March 14, 2006 and denied liability on all claims asserted by Ms. McCarthy.

4. The EEOC, Ms. McCarthy and Union Pacific want to conclude fully and finally all claims arising out of the above action without the expenditure of further resources and expenses in contested litigation. They enter into this Consent Decree to further the objectives of equal employment opportunity as set forth in Title VII, the ADA, and the ADEA.

## II. NON-ADMISSION OF LIABILITY

1. This consent decree is not an adjudication or finding on the merits of this case and shall not be construed as an admission of a violation of Title VII, the ADA the ADEA or FEHA by Union Pacific.

2. The Court has reviewed the terms of this Consent Decree in light of the pleadings, the record herein, and the applicable law, and now approves the Consent Decree in its entirety.

Therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

## III. GENERAL PROVISIONS

1. This Court has jurisdiction over the subject matter and the parties to this action. This Court will retain jurisdiction over this Decree for all purposes until the expiration of the term of this Consent Decree.

-2-

Consent Decree
C05-3598 CRB (JCS)

2. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interest of the parties, those for whom the EEOC seeks relief and the public.

3. This Consent Decree is final and binding upon the parties, their successors and assigns.

4. The parties agree that this Consent Decree resolves all claims arising out of EEOC Charge No. 376-A3-00146, the Complaint and the Complaint in Intervention filed in this action, and constitutes a complete resolution of all claims against Union Pacific that were made or could have been made by the Commission or McCarthy.

5. McCarthy and Union Pacific will enter into a separate Settlement Agreement.

6. This Consent Decree and Settlement Agreement between Union Pacific and McCarthy comprise the full and exclusive agreement of the parties with respect to the matters discussed herein. No waiver, modification or amendment of any provision of this Consent Decree shall be effective unless made in writing and approved by all the parties to this Decree. Any substantive change, modification or amendment of any provision of this Consent Decree shall require approval by the Court.

7. This Consent Decree shall become effective upon its entry by the Court.

8. Each party shall bear its own costs and attorneys fees.

### III. SCOPE OF CONSENT DECREE

The duration of the Consent Decree shall be eighteen (18) months from the date of its entry, provided that Union Pacific has complied substantially with the terms of this Consent Decree. Union Pacific will be deemed to have complied substantially if the Court has not made any findings or orders during the term of the Consent Decree that Union Pacific has failed to comply with any term of this decree. During the eighteen-month term of this Consent Decree, this Court shall retain jurisdiction over this matter and the parties for the purpose of enforcing compliance with the Consent Decree, including issuing such orders as my be required to effectuate its purposes.

### IV. GENERAL INJUNCTIVE RELIEF

1. **Retaliation:** Consistent with 42 U.S.C. §2000e-3, 42 U.S.C. §12203 and 29 U.S.C. §623(d), Union Pacific, its officers, agents, management (including supervisory employees), successors or

1  assigns, and all those in active concert or participation with them, agree not to engage in, implement
2  or permit any action, policy or practice with the purpose of retaliating against any current or former
3  employee of Union Pacific because he or she opposed any practice of sex, disability or age
4  discrimination made unlawful under Title VII, the ADA and the ADEA, respectively; filed a Charge
5  of Discrimination alleging any such practice; testified or participated in any manner in any
6  investigation (including, without limitation, any internal investigation undertaken by Union Pacific),
7  proceeding or hearing in connection with this case and/or relating to any claim of sex, disability or
8  age discrimination; or was identified as a possible witness in this action.

## V.   MONETARY RELIEF

1.  Union Pacific will pay Valerie McCarthy the gross sum total of $65,000.00 (Sixty-Five Thousand Dollars and No Cents) in full settlement of the discrimination claims made in this lawsuit and her underlying charge of discrimination. Union Pacific also will pay McCarthy's attorney, Bradley Booth, the gross sum of $2,500.00 (Two Thousand Five Hundred Dollars and No Cents) in attorney fees.

2.  The settlement amount above, is being paid in complete compromise of all disputed issues arising out of the Complaint and Complaint in Intervention filed in this lawsuit, Civil Action No. C-05-3598 CRB (JCS), U.S. District Court for the Northern District of California.

3.  The monetary relief shall be paid as follows:

    a.  The parties agree that the $65,000.00 settlement amount to be paid to McCarthy is defined as the Settlement Sum. The parties agree that $1,500.00 (One Thousand Five Hundred Dollars and No Cents) of the Settlement Sum shall represent payment for lost wages and that applicable payroll deductions shall be withheld from this amount. The parties also agree that $63,500.00 (Sixty Three Thousand Five Hundred Dollars and No Cents) of the Settlement Sum shall be payment for damages for emotional distress.

    b.  Within fourteen (14) days of the entry of this Consent Decree, Union Pacific shall issue a check to McCarthy in the amount of $63,500.00 (Sixty-Three Thousand Five Hundred Dollars and No Cents). At the same time, Union Pacific shall also issue a check to McCarthy in the amount of $1,500.00 (One Thousand Five Hundred Dollars and No Cents)

less applicable payroll deductions. Union Pacific shall make the payments in the form of business checks. Union Pacific shall send a copy of the checks to counsel for the EEOC on the same date that it mails the checks.

c.    Within fourteen (14) days of entry of this Consent Decree, Union Pacific shall issue a check to Bradley Booth in the amount of $2,500.00 (Two Thousand Five Hundred Dollars and No Cents) as payment for attorney fees. Union Pacific shall send a copy of the check to counsel for the EEOC on the same date that it mails the check.

d.    Union Pacific shall report the payment to Valerie McCarthy in the amount of $63,500.00 (Sixty-Three Thousand Five Hundred Dollars and No Cents) by issuance of an Internal Revenue Service Form 1099. McCarthy's 1099 form shall be mailed to her. Union Pacific shall report the payment to Valerie McCarthy in the amount of $1,500.00 (One Thousand Five Hundred Dollars and No Cents) as wages with an Internal Revenue Service W-2 or 1099 form, whichever is appropriate. Ms. McCarthy and/or her attorney are each fully responsible for the tax consequences of the payments they receive.

## VI.    SPECIFIC INJUNCTIVE RELIEF

1.    **Zero Tolerance.** Union Pacific affirms the following "Statement of Zero-Tolerance Policy and Equality Objectives":

> Union Pacific is firmly committed to maintaining a zero-tolerance policy concerning discrimination and retaliation against individuals who report discrimination in the company's workplace; to swiftly and firmly responding to any acts of discrimination and retaliation of which the company becomes aware; to implementing a disciplinary system that is designed to strongly deter future acts of discrimination or retaliation; and to actively monitoring its workplace in order to ensure tolerance, respect and dignity for all people.

This paragraph does not create any individual or common law causes of action or other rights that would not otherwise exist under statute.

2. **Equal Employment Opportunity and Discrimination Policies**

    a. **Content of Policy.** Union Pacific certifies that it maintains and will continue to maintain throughout the duration of the decree an EEO Compliance Handbook which contains Union Pacific's "Equal Employment Opportunity/Affirmative Action and Related Policy Directives." More specifically, the EEO Compliance Handbook shall contain policies on: discrimination and harassment; offensive behavior, remarks and graffiti; retaliation; sexual harassment; a definition of "zero tolerance"; an explanation that all proven violations of Union Pacific's policies against discrimination, harassment and offensive behavior will result in appropriate discipline of the employee, up to and including termination; information, including on how to report violations, including the listing of a 24-hour toll free number for such reports; and language which indicates that, promptly upon the conclusion of the investigation of a complaint, Union Pacific will communicate to the complaining party the results of the investigation.

    b. **Distribution of Policy.** Union Pacific shall disseminate its EEO and harassment policies and procedures by:

        (1) Distributing copies of the policies to all current employees within the Oakland Intermodal Terminal within thirty (30) days of the entry of this Consent Decree;

        (2) Giving a copy of the policies to all new employees in the Oakland Intermodal Terminal upon the employee's hire;

        (3) Distributing the policy to each employee in the Oakland Intermodal Terminal annually throughout the duration of the Consent Decree.

    c. **Complaint Procedure.** Union Pacific certifies that Union Pacific's policies and procedures relating to complaints of discrimination and retaliation (the "Complaint Policies") are designed to encourage employees to come forward with complaints about violations of its anti-discrimination policies. Union Pacific further certifies that its Complaint Policies provide, and will continue to provide throughout the duration of the decree, Union Pacific's employees with convenient, confidential and reliable mechanisms for reporting incidents of discrimination and

-6-

retaliation. Union Pacific shall ensure that information about how to lodge a complaint is also continuously posted in a prominent place at its Oakland Intermodal Terminal during the term of the Consent Decree.

3. **Anti-Discrimination Training.** Within six (6) months of entry of this decree, Union Pacific will develop and present to all employees at the Oakland Intermodal Terminal at least one hour of training on discrimination and retaliation issues in employment. The cost of the training will be borne by Union Pacific.

(a) The training described in the preceding paragraph shall be provided by individuals with established experience in the area of employment discrimination, harassment, and retaliation under Federal and State law. The training will include examples of retaliation which violates state and federal anti-discrimination statutes. The training will further inform each participant that he or she is responsible for knowing and complying with the contents of Union Pacific's Equal Employment Opportunity/Affirmative Action & Related Policy Directives. The training will be separate and apart from any mandatory sexual harassment training provided by Union Pacific pursuant to California Assembly Bill 1825.

(b) Union Pacific will retain records of the training session, listing the date on which it held the training and identifying the persons who attended and those who did not attend. Union Pacific will provide a copy of these records and the training materials to the EEOC within thirty (30) days of completion of the training.

## VII. REPORTS TO THE COMMISSION

1. **Training Report.** Within thirty (30) days of completion of the training required by section VI (3) of this Consent Decree, Union Pacific will send the EEOC appropriate verification of its completion of the EEO training.

2. **Retaliation Complaint Reports.** Union Pacific shall file the following reports relating to complaints of retaliation made by employees Union Pacific's Oakland Intermodal Terminal.

     a.    **Initial Complaint Report.** Eight months after the entry of this Consent Decree, Union Pacific will mail to counsel for the EEOC a report containing the following information and documentation (the "Initial Complaint Report"):

          (1)    A summary of all retaliation complaints made in Union Pacific's Oakland Intermodal Terminal since the entry of the Consent Decree. This summary shall contain a brief description of the type of complaint and a statement as to each as to the result of the investigation of such complaint.

     b.    **Subsequent Complaint Reports.** Eight months following filing its Initial Complaint Report with the EEOC, Union Pacific will mail to counsel for the EEOC a report containing the above documentation and information in paragraph (a)(1) above covering the second eight-month period.

## VIII. RETENTION OF JURISDICTION AND EXPIRATION OF CONSENT DECREE

1. This Consent Decree shall terminate within eighteen (18) months from the date of entry by the court, unless the EEOC petitions this court for an extension of the Decree because of noncompliance by Union Pacific. If the EEOC determines that Union Pacific has not complied with the Consent Decree, the EEOC will provide written notification of the alleged breach to Union Pacific and will not petition the court for enforcement sooner than thirty (30) days after providing written notification. The thirty-day period following written notice shall be used by the parties for good faith efforts to resolve the issue. If the EEOC petitions the court and the court finds Union Pacific to be in substantial violation of the terms of the Decree, the court may extend this Consent Decree.

1  2.    This Court shall retain jurisdiction over this action for the purposes of enforcing the

2  provisions of this Consent Decree.

3  On behalf of Plaintiff:                          On behalf of Union Pacific Railroad Company

5  _____

6  WILLIAM R. TAMAYO                      ROBERT L. ZALETEL
   Regional Attorney                               McQUAID BEDFORD & VAN ZANDT LLP
7  EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION

8                                                      On behalf of Valerie McCarthy

9  _____

10  JONATHAN T. PECK                          BRADLEY BOOTH
    Supervisory Trial Attorney                   LAW OFFICES OF BRADLEY BOOTH
11  EQUAL EMPLOYMENT
    OPPORTUNITY COMMISSION

13  _____

    MARCIA L. MITCHELL
14  Senior Trial Attorney
    EQUAL EMPLOYMENT
15     OPPORTUNITY COMMISSION

17  IT IS SO ORDERED:

19  DATED: August 14, 2006

    HONORABLE CHARLES R. BREYER
    UNITED STATES DISTRICT JUDGE

*[Seal: United States District Court, Northern District of California]*
*[Stamp: IT IS SO ORDERED — Judge Charles R. Breyer]*

-9-

**Consent Decree**
**C05-3598 CRB (JCS)**

2. This Court shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Consent Decree.

| On behalf of Plaintiff: | On behalf of Union Pacific Railroad Company |
|---|---|
| _____ | _____ |
| WILLIAM R. TAMAYO<br>Regional Attorney<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION | ROBERT L. ZALETEL<br>McQUAID BEDFORD & VAN ZANDT LLP |
| | On behalf of Valerie McCarthy |
| _____ | /s/ by phone approval 8/11/06 |
| JONATHAN T. PECK<br>Supervisory Trial Attorney<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION | BRADLEY BOOTH<br>LAW OFFICES OF BRADLEY BOOTH |
| _____ | |
| MARCIA L. MITCHELL<br>Senior Trial Attorney<br>EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION | |

IT IS SO ORDERED:

DATED: _____

_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT COURT JUDGE

– 9 –

Consent Decree
C05-3598 CRB (JCS)

2. This Court shall retain jurisdiction over this action for the purposes of enforcing the provisions of this Consent Decree.

On behalf of Plaintiff:

On behalf of Union Pacific Railroad Company

*Robert L. Zaletel* (signature)

_____
WILLIAM R. TAMAYO
Regional Attorney
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION

_____
ROBERT L. ZALETEL
McQUAID BEDFORD & VAN ZANDT LLP

On behalf of Valerie McCarthy

_____
JONATHAN T. PECK
Supervisory Trial Attorney
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION

_____
BRADLEY BOOTH
LAW OFFICES OF BRADLEY BOOTH

_____
MARCIA L. MITCHELL
Senior Trial Attorney
EQUAL EMPLOYMENT
 OPPORTUNITY COMMISSION

IT IS SO ORDERED:

DATED: _____

_____
HONORABLE CHARLES R. BREYER
UNITED STATES DISTRICT COURT JUDGE

— 9 —

Consent Decree
C05-3598 CRB (JCS)